## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.: 21-CR-617 (DLF) |
| v. | |
| **PHILIP S. YOUNG,** | |
| Defendant. | |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, PHILIP S. YOUNG, with the concurrence of his attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

**I.     Factual Basis**

**A.  *The Attack on the U.S. Capitol on January 6, 2021***

1. The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured twenty-four hours a day by U.S. Capitol Police (USCP). Restrictions around the Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the Capitol.

2. On January 6, 2021, the exterior plaza of the Capitol was closed to members of the public.

3. On January 6, 2021, a joint session of the United States Congress convened at the Capitol, which is located at First Street, SE, in Washington, D.C.

During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on Tuesday, November 3, 2020. The joint session began at approximately 1:00 PM. Shortly thereafter, by approximately 1:30 PM, the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4.  As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the Capitol. Temporary and permanent barricades, as noted above, were in place around the exterior of the Capitol, and USCP officers were present and attempting to keep the crowd away from the Capitol and the proceedings underway inside.

5.  At approximately 2:00 PM, certain individuals in the crowd forced their way through, up, and over the barricades. Officers of the USCP were forced to retreat and the crowd advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks as required by USCP officers or other authorized security officials.

6.  At such time, the certification proceedings were still underway, and the exterior doors and windows of the Capitol were locked or otherwise secured. Members of the USCP attempted to maintain order and keep the crowd from

entering the Capitol; however, shortly after 2:00 PM, individuals in the crowd forced entry into the Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. The riot resulted in substantial damage to the Capitol, requiring the expenditure of more than $1.4 million dollars for repairs.

7. Shortly thereafter, at approximately 2:20 PM, members of the House of Representatives and of the Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 PM on January 6, 2021. In light of the dangerous circumstances caused by the unlawful entry to the Capitol—including the danger posed by individuals who had entered the Capitol without any security screening or weapons check—Congressional proceedings could not resume until after every unauthorized occupant had been removed from or left the Capitol, and USCP confirmed that the building was secured. The proceedings resumed at approximately 8:00 PM after the building had been secured. Vice President Pence remained in the Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

**B. *Philip S. Young's Participation in the January 6, 2021, Capitol Riot***

1. The defendant, PHILIP S. YOUNG, lives in Sewell, New Jersey. In the morning of January 6, 2021, defendant traveled from his home to Washington, D.C., via automobile.

        2.      At approximately 2:46 p.m., he was standing on stairs of the Capitol Building leading to the area known as the Upper West Terrace. Someone in the crowd shouted "1, 2, 3, go!" Young hurriedly came up the stairs and was one of several people that lifted and pushed a metal bicycle rack barricade into a wall of officers. The barricade specifically had physical contact with persons assisting the United States Capitol Police; that is, officers from the Metropolitan Police Department with the initials J.R. and K.T.

        3.      At approximately 3:17 p.m., Young was in the same location, on the Upper West Terrace stairs. Others in front of him began pushing a barricade into Metropolitan Police Officers. Young approached the barrier, briefly grabbed and then released it.

        4.      At approximately 3:54 p.m., Young had made his to the east courtyard of the Capitol and was seen letting the air out of a black U.S. government vehicle.

        5.      The defendant knowingly and voluntarily admits to all of the elements of 18 U.S.C.§ 111(a)(1), 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 18 U.S.C. § 1752(a)(4), 40 U.S.C. § 5104(e)(2)(D), 40 U.S.C. § 5104(e)(2)(F) as set forth below.

**II.**    **Elements of the Offenses**

    ***A. Count One: Assaulting, Resisting or Impeding Certain Officers, in violation of 18 U.S.C.§ 111(a)(1)***

To prove that the defendant is guilty of Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1), the government must prove the following beyond a reasonable doubt:

1. That the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with any officer or employee of the United States or of any agency in any branch of the United States Government;

2. That the defendant did so with some use of force;
3. That the defendant did so while the officer or employee was engaged in or on account of the performance of official duties; and
4. That the assault involved physical contact with the victim or the intent to commit another felony.

The maximum penalties for Assaulting, Resisting, or Impeding Certain Officers are:

1. A term of imprisonment of not more than 8 years;
2. A term of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

### B. Count Two: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).

To prove that the defendant is guilty of Civil Disorder in violation of 18 U.S.C. § 231(a)(3), the government must prove the following beyond a reasonable doubt:

1. That the defendant committed or attempted to commit any act to obstruct, impede or interfere with any law enforcement officer;
2. That the law enforcement officer was lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder; and
3. That the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Title 18, United States Code, Section 232(3) defines "federally protected function" as "any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof."

The maximum penalties for Civil Disorder are:

1. A term of imprisonment of not more than 5 years;
2. A term of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

### C. Count Three: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(1)

To prove that the defendant is guilty of Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1), the government must prove the following beyond a reasonable doubt:

1. That the defendant knowingly entered or remained in any restricted building or grounds without lawful authority to do so.

Title 18, United States Code, Section 1752(c)(1)(B) defines "restricted building or grounds" as "any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." Section 1752(c)(2) further defines "other person protected by the Secret Service" as "any person whom the United States Secret Service is authorized to protect under section 3056 of this title or by Presidential memorandum, when such person has not declined such protection."

The maximum penalties for Entering and Remaining in a Restricted Building or Grounds are:

1. A term of imprisonment of not more than 1 year;
2. A term of supervised release of not more than 1 year;
3. A fine not to exceed $100,000; and
4. A special assessment of $25.

### D. Count Four: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).

To prove that the defendant is guilty of Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2), the government must prove the following beyond a reasonable doubt:

1. That the defendant engaged in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds;
2. That such conduct occurred when, or so that, such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions; and
3. That the defendant did so knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions.

The maximum penalties for Disorderly and Disruptive Conduct in a Restricted Building or Grounds are:

1. A term of imprisonment of not more than 1 year;
2. A term of supervised release of not more than 1 year;
3. A fine not to exceed $100,000; and
4. A special assessment of $25.

### E. Count Five: Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4).

To prove that the defendant is guilty of Engaging in Physical Violence in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(4), the government must prove the following beyond a reasonable doubt:

1. That the defendant knowingly engaged in any act of physical violence against any person or property in any restricted building or grounds.

   The maximum penalties for Disorderly and Disruptive Conduct in a Restricted Building or Grounds are:

1. A term of imprisonment of not more than 1 year;
2. A term of supervised release of not more than 1 year;
3. A fine not to exceed $100,000; and
4. A special assessment of $25.

### F. Count Six: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D).

To prove that the defendant is guilty of Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D), the government must prove the following beyond a reasonable doubt:

1. That the defendant uttered loud, threatening, or abusive language, or engaged in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings; and
2. That the defendant engaged in such actions with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress.

Title 40, United States Code, Section 5101, defines "Capitol Buildings" as including "the United States Capitol." This definition applies throughout the chapter, to include the charges in Counts seven and nine, detailed below.

The maximum penalties for Disorderly Conduct in a Capitol Building are:

1. A term of imprisonment of not more than 6 months;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $5,000; and
4. A special assessment of $10.

### G. Count Seven: *Act of Physical Violence in the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(F).*

To prove that the defendant is guilty of Acts of Physical Violence in the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(F), the government must prove the following beyond a reasonable doubt:

1. That the defendant engaged in an act of physical violence in the Grounds or any of the Capitol Buildings; and
2. That the defendant did so willfully and knowingly.

Title 40, United States Code, Section 5104(a)(1) defines "act of physical violence" as "any act involving (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."

The maximum penalties for Acts of Physical Violence in the Capitol Grounds or Building are:

1. A term of imprisonment of not more than 6 months;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $5,000; and
4. A special assessment of $10.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Susan T. Lehr*
SUSAN T. LEHR
Assistant United States Attorney
NE Bar No. 19248
District of Columbia Capitol Riot Detailee
1620 Dodge St, #1400
Omaha, NE  68102
Telephone: 402-661-3715
Email: susan.lehr@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I, PHILIP S. YOUNG, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 10-31-22

PHILIP S. YOUNG
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 10/31/2022

CHRISTOPHER O'MALLEY
Attorney for Defendant